UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BRETT D. MCELWEE, ET AL** | **CIVIL ACTION NO. 6:08CV0993** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SOUTHERN HOME MEDICAL EQUIPMENT INC, ET AL** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Plaintiffs, Brett D. McElwee ("McElwee") and Daniel Fusilier ("Fusilier") filed suit against defendants, Southern Home Medical Equipment, Inc., ("Southern Home"), Greg Tucker, ("Tucker"),  and Jefferey Sarvis ("Sarvis"), seeking declaratory judgment and a mandatory injunction ordering specific performance of a contract dated May 31, 2007 ("contact"), wherein the defendant, Southern Home, was to transfer shares of stock to plaintiffs as allegedly set out in the contract.  [Record Doc. 1].

On July 23, 2008, the clerk issued summons to all three defendants. [Record Doc. 3].   Pursuant to the request of the plaintiffs, the clerk entered default on November 6, 2008. [Record Doc. 6].   After several attempts, a motion for default judgment as to all three defendants was properly filed and supported; the motion was referred to the undersigned for report and recommendation. [Record Doc. 28 and 30].

For those reasons set out below, the undersigned recommends that the motion for default judgment be **denied**.

**Procedural setting**

Plaintiffs filed this action for declaratory judgment and for mandatory injunctive relief based on the alleged failure of the defendants to comply with the provisions of the contract allegedly entered on or about May 31, 2007 by which Southern Home acquired plaintiffs' corporation, Evangeline Medical and Nursing Supplies, Inc., ("Evangeline Medical") in exchange for a payment of shares of stock in Southern Home. [Record Doc. 1, ¶ 5]. A copy of the contract was not attached to the complaint.

After the clerk issued summons to all three defendants, plaintiffs filed what purported to be a return of service of the summons. [Record Doc. 4]. In fact, what the plaintiffs filed was an affidavit of service in which counsel for the plaintiffs attested that service of the summons and complaint was made on all three defendants. Attached to the affidavit were letters to all three defendants and United States Postal Service certified mail and return receipts. [Record Doc. 4 and 4-1]. Thus, apparently, counsel for plaintiffs alleges that service was made by mail only.

After several attempts, plaintiffs filed a motion for default judgment [Record Doc. 28], along with supporting exhibits and affidavits. [Record Doc. 28-2]. The exhibit attached to the motion is, apparently, the contract of May 31, 2007 which forms the basis of this suit. The affidavits attached are executed by the plaintiffs and assert that they signed the subject contract and that the stock which was supposed to be furnished to the plaintiffs in payment was never received.

**Analysis**

Fed. R. Civ. P. 55 provides that a default judgment may be entered against a defendant who fails to plead or otherwise respond to a complaint within the period of delay. A default judgment is left to the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) ("[T]he entry of default judgment is committed to the discretion of the district judge."), *cited approvingly in Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Federal courts generally disfavor default judgments, preferring to resolve disputes on the merits. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). Default judgments should not be granted without more than the simple fact that the defendant failed to meet the procedural time requirement. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000), *citing approvingly, Mason & Hanger-Silas Mason, Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

In deciding whether to grant a default judgment, the court should consider whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

There are several material issues of fact which are unclear in this case, as well as several legal questions which are present, all of which preclude the court from

recommending judgment be entered against the defendants.

### The individual defendants

The complaint filed herein alleges that "[o]n or about May 31, 2007, the plaintiffs and the defendants" entered into the contract which forms the basis of this litigation. The contract is not attached to the complaint. The contract at issue, apparently, was attached to the Motion for Default Judgment, along with the affidavits filed in support thereof. [Record Doc. 28-2]. That contract is entitled " Plan of Exchange by Which Southern Home Medical Equipment Inc. (A Nevada Corporation) Shall Acquire Evangeline Medical and Nursing Supply, Inc. (A Louisiana Corporation)". The purported "Parties . . . to this agreement", in addition to the corporations, include McElwee, Fuslier, and Tucker, but not Sarvis. [Record Doc. 28-2, p. 1 of 16, ¶ 1.1-1.5].

However, the only **signatories** to the contract were the two corporations. Southern Home appeared through its President/CEO, Greg Tucker and Evangeline Medical appeared through its two officers, McElwee and Fusilier. [Record Doc. 28-2, p. 12 of 16]. Thus, on the face of the contract, only the two corporations appear to be bound.

Perhaps a third party right exists under the contract in favor of McElwee and Fusilier, but no such right was pled in the Complaint or asserted in the Motion for Default Judgment. Under the circumstances present at this stage of the proceedings, the Court cannot make the leap to find a right of action in favor of these two plaintiffs who are not signatories to the contract.

Furthermore, the contract appears to be subject to multiple conditions precedent (Record Doc. 48-2, p. 3 of 16) as well as other conditions denominated in the contract as conditions "concurrent" and "subsequent" to the closing. [Record Doc. 48-2, p. 5 of 16]. For example, ¶ 2.3 of the contract provides that "[t]he transaction will not immediately close but shall be conditioned upon" the occurrence of four conditions specifically set out thereafter. [Record Doc. 48-2, p. 2 of 9]. There is no proof in this record that the specifically denominated conditions were ever performed.

Finally, the contract contains a binding arbitration clause by which the parties agree to submit any and all disputes under the contract to binding arbitration in order to avoid "costly or lengthy litigation with each other." [Record Doc. 48-2, p. 11 of 16, ¶ 3.12.3].

Thus, a simple review of the contract shows that neither of the plaintiffs (in their individual capacities) are signatories on the contract, neither of the two individual defendants (Tucker and Sarvis) are signatories (individually) on the contract, and Sarvis is not identified as a party to the contract. It is not clear that either plaintiff has a personal right of action under the contract, although they may have such a right. Quite simply, the court cannot award judgment in favor of these plaintiffs on the facts presented.

Additionally, the court could not grant judgment against any of the named defendants even if the plaintiffs had a clear right of action under the contract. The plaintiffs have failed to point out any undertaking of the individual defendants in the

contract (to which they were not signatories and to which Sarvis is not even a named party), that would make the individual defendants liable under the contract. Furthermore, there is an absolute lack of any evidence presented in support of the motion for default judgment that the conditions precedent or conditions concurrent or subsequent to closing, which were clearly set out in the contract, were ever performed.

Finally, on its face, the binding mandatory arbitration clause contained in the contract would seem to preclude this suit entirely.

Accordingly, and for these reasons, it is recommended that the motion for default judgment be **denied**.[1]

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. DOUGLASS V.**

---

[1] The court expresses no opinion on the sufficiency of the service of process sought to be made on the defendants herein. Apparently, service was sought be made pursuant to the Louisiana Long Arm Statute, L.R.S. 13: 3201 *et seq. See* Fed. R. Civ. P. 4 (e)(1) and 4 (h)(1)(A). However, it does not appear that the plaintiffs have made proper service under the Long Arm Statute on the corporate defendant, at least, who was not served through an agent for service of process. *See* La. C. Civ. P. art. 1261.

**UNITED SERVICES AUTOMOBILE ASSOCIATION**, 79 F.3d. 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

December 8, 2010, Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE